UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY THOMPSON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-CV-0322-CVE-MTS |
| ) | |
| MARK AVERILL,[1] ) | |
| Acting Secretary of the Army, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court are defendant's opposed motion to stay proceedings (Dkt. # 33), and defendant's opposed motion for extension of time to answer or otherwise plead pending ruling on defendant's motion to stay (Dkt. # 35).[2]  Plaintiff filed responses to defendant's motion to stay and motion for extension of time.  Dkt. ## 34, 36.  Defendant filed a reply to plaintiff's response to the motion to stay (Dkt. # 40).  As plaintiff proceeds pro se, the Court liberally construes his pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

---

[1]  Effective January 20, 2025, pursuant to FED. R. CIV. P. 25(d), Mark Averill, Acting Secretary of the Army, is substituted as the defendant in this action.

[2]  Plaintiff has also filed a motion for court oversight to protect due process and prevent defendant's improper influence over the Merit Systems Protection Board (Dkt. # 39).  The Court will not consider plaintiff's motion in this opinion and order because the motion has not been fully briefed.

**I.**

On July 10, 2024, plaintiff filed a complaint against defendant. Dkt. # 2. In his complaint, plaintiff sought review of a final Merit Systems Protection Board (MSPB) decision[3] and raised claims of disability discrimination/denied accommodation, harassment/hostile work environment, intentional infliction of emotional harm, constructive suspension, and retaliation under the Rehabilitation Act. Id. at 1, 5. Plaintiff also notified the Court of two related cases before the MSPB: case number DA-4324-24-0396-I-1[4] in which plaintiff raises a claim of violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA) and case number DA-0752-23-0184-I-1 in which plaintiff raises disability discrimination, failure to accommodate, and constructive discharge claims. Id. at 7. Plaintiff explained that his pending claims before the MSPB involved the same set of background facts as his complaint before the Court. Id.

Defendant filed a motion for extension of time to answer or otherwise plead because of unsettled questions regarding the proper party defendant in this case (Dkt. # 10, at 1, 3), and the Court granted defendant's motion (Dkt. # 11). Defendant then filed a motion to dismiss (Dkt. # 18) plaintiff's complaint for failure to effect proper service. Thereafter, defendant withdrew the contentions in the motion to dismiss because plaintiff's response to the motion included declarations demonstrating that service was achieved by a non-party. Dkt. # 20. Consequently, the Court found

---

[3] Plaintiff did not provide the case number. However, defendant attached the MSPB's initial decision dismissing plaintiff's appeal for lack of jurisdiction, which provides the case number DA-0752-22-0341-I-1. Dkt. # 10-1, at 1.

[4] The Court notes that defendant made a typographical error in the case number of plaintiff's pending USERRA MSPB appeal, "DA-4324-24-09396-I-1." Dkt. # 33, at 2. The correct case number is DA-4324-24-0396-I-1. Dkt. # 2, at 7; Dkt. # 33-3, at 7.

that defendant's motion to dismiss was moot and ordered defendant to file an answer by January 13, 2025. Dkt. # 21.

On January 1, 2025, plaintiff filed a motion for leave to file an amended complaint (Dkt. # 24), and the Court granted the motion and ordered plaintiff to file an amended complaint by January 10, 2025 (Dkt. # 26). Plaintiff failed to file his amended complaint within the deadline set by the Court. On January 13, 2025, defendant filed an answer to the complaint (Dkt. # 27), and plaintiff filed a motion to file amended complaint out of time (Dkt. # 30), which the Court granted (Dkt. # 31).

On January 14, 2025, plaintiff filed an amended complaint raising claims against defendant for failure to accommodate under the Rehabilitation Act, and for hostile work environment, discrimination, retaliation, and constructive suspension under USERRA and the Rehabilitation Act.[5] Dkt. # 32, at 18-26. In his amended complaint, plaintiff alleges that he is a disabled combat veteran who honorably retired from his position with the United States Army Corps of Engineers (USACE). Id. at 1, 7. His claims arise out of: his employment with USACE; his USACE supervisor's alleged refusal to grant him a full time teleworking accommodation for his disability, or, in other words, one day of telework in addition to USACE's four day telework policy; and the events following this alleged refusal. Id. at 7-17.

---

5    In plaintiff's amended complaint, plaintiff appears to abandon his request for judicial review of the MSPB decision. At this time, the Court does not decide whether plaintiff's amended complaint still seeks judicial review.

3

On January 24, 2025, defendant filed an opposed motion to stay proceedings (Dkt. # 33),[6] and, on January 27, 2025, defendant filed an opposed motion for extension of time to answer or otherwise plead pending ruling on defendant's motion to stay (Dkt. # 35). Plaintiff filed responses to both motions.[7] Dkt. ## 34, 36. Defendant filed a reply to plaintiff's response to the motion to stay. Dkt. # 40.

## II.

The Court first considers defendant's motion to stay proceedings until 60 days following the MSPB's entry of final decisions on plaintiff's pending appeals. Dkt. # 33, at 1, 5. Defendant argues that plaintiff's pending MSPB appeals involve the same factual background, substantive witnesses, documents, and discovery as the claims before the Court. Id. at 2-3. Defendant argues that a stay would allow the parties to consolidate all of plaintiff's claims, prevent duplicative discovery and inconsistent results between the MSPB and the Court, and conserve the parties' and the Court's resources. Id. at 4-5. Finally, defendant argues that a stay would not present a reasonable risk of damage to plaintiff because his claims in this case would remain viable while the parties await the MSPB's decisions on plaintiff's pending appeals. Id. at 5.

---

[6] Defendant attached to the motion: plaintiff's response to the MSPB order on jurisdiction in MSPB appeal number DA-0752-23-0184-I-1; plaintiff's supplement to his claim of USERRA violation in MSPB appeal number DA-0752-23-0184-I-1; and the MSPB's orders setting hearings on both of plaintiff's pending MSPB cases (DA-0752-23-0184-I-1 and DA-4324-24-0396-I-1) for February 28, 2025. Dkt. ## 33-1, 33-2, 33-3. The MSPB orders explain that the hearings may result in a bench decision if the administrative judge "is confident in deciding the issues of the case without further review of the record." Dkt. # 33-3, at 4, 10.

[7] Plaintiff's response to defendant's motion to stay is an 11-page pleading with 215 pages of attached exhibits related to, inter alia, the administrative judge's and defendant's alleged improper conduct during the MSPB proceedings. Dkt. # 34.

Plaintiff responds that the claims pending before the Court and the MSPB are legally and factually distinct because his constructive suspension claims, which are before the Court, arise out of events that occurred months prior to the events giving rise to his constructive discharge claims, which are before the MSPB.[8] Dkt. # 34, at 2, 5-6. Further, plaintiff argues that a stay would prejudice him because it obstructs and manipulates the judicial process causing him further emotional, financial, and physical harm.[9] Id. at 2-3, 10-11. Additionally, plaintiff argues that the stay would "provide no tangible benefit to judicial efficiency[,]" and that defendant fails to demonstrate hardship because the two pending MSPB cases will be adjudicated together and the claims before the Court are distinct from the claims pending before the MSPB. Id. at 8, 9-10, 11.

The Court has the inherent authority to control its docket, which includes the power to stay cases in the interest of judicial economy. United Steelworkers of Am. v. Or. Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The party

---

[8] Plaintiff also argues that defendant "intentionally conflates the constructive suspension and constructive discharge claims in a bad-faith attempt to confuse and mislead the [C]ourt." Dkt. # 34, at 2, 7, 10. The Court finds that this argument is frivolous.

[9] Plaintiff also alleges that defendant engaged in ex parte communications with the MSPB. Id. at 3-4, 7. In a footnote of defendant's motion to stay proceedings, defendant opines on the likelihood of the MSPB dismissing plaintiff's pending appeals. Dkt. # 33, at 3, n.2. From this statement, plaintiff infers that defendant engaged in improper ex parte communications with the MSPB and argues that defendant's motion is based on speculative future actions. Dkt. # 34, at 2-4. The Court finds that plaintiff's argument is meritless. Defendant bases the motion to stay on the overlapping factual backgrounds of the claims, not "crystal ball predictions," and defendant's inference that the MSPB might dismiss plaintiff's claims does not suggest that defendant engaged in any ex parte communications with the MSPB. Regardless, in ruling on this motion, the Court does not consider the likelihood that the MSPB will rule for or against plaintiff in his pending appeals.

requesting a stay "must make out a clear case of hardship or inequity . . . to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some[one] else." Id. at 255.

The Court grants in part defendant's motion to stay proceedings. Dkt. # 33. In assessing whether plaintiff's claims before the Court and the MSPB are so closely related that a stay in the proceedings promotes judicial economy, the Court finds that the Tenth Circuit's claim preclusion precedent is instructive. When considering the issue of claim preclusion, courts are "not free to transactionally distinguish wrongful termination claims from those claims arising out of the employment but before and unrelated to the discharge." Wilkes v. Wyo. Dep't of Emp. Div. of Lab. Standards, 314 F.3d 501, 504-05 (10th Cir. 2002), as amended (Jan. 14, 2003) (quoting Yapp v. Excel Corp., 186 F.3d 1222, 1228 (10th Cir.1999)). Rather, "a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation." Id. at 504 (quoting Nwosun v. Gen. Mills Rest., Inc., 124 F.3d 1255, 1257 (10th Cir.1997)). The Tenth Circuit has repeatedly "held that 'all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes.'" Id. (quoting Mitchell v. City of Moore, 218 F.3d 1190, 1202 (10th Cir. 2000)).

Plaintiff admits that all of his claims arise out of his employment relationship with USACE and that the events giving rise to his claims occurred prior to plaintiff filing the present action with the Court. Dkt. # 34, at 5-6. Therefore, the Court finds that plaintiff's claims pending here and with the MSPB represent a single cause of action, and a stay would not unfairly prejudice plaintiff, but, rather, ensures plaintiff the opportunity to litigate all of his claims. See Wilkes, 314 F.3d at 506

(finding that the doctrine of claim preclusion barred plaintiff's second suit against defendant for a claim arising out of her employment relationship with defendant, and that the plaintiff could have avoided this bar by filing her first employment related claim and then seeking a stay from the district court until the EEOC issued a right-to-sue letter on her second employment related claim). Further, plaintiff's litigation strategy may result in piecemeal appeals to the Court or other district courts. The federal courts' historic policy against piecemeal appeals "promotes judicial efficiency, expedites the ultimate termination of an action[,] and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case." Okla. Turnpike Auth. v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001). Therefore, to avoid piecemeal appeals, the Court grants defendant's motion to stay all proceedings, except for briefing and ruling on plaintiff's pending motion for court oversight (Dkt. # 39), in the interest of judicial economy. However, the Court finds that defendant's request that the stay extend 60 days after the MSPB enters final decisions on plaintiff's pending appeals is excessive. Thus, the Court stays the proceedings only until the MSPB renders final decisions on plaintiff's pending appeals. Upon lifting the stay, the Court will set a deadline for defendant to file his answer or otherwise plead.

### III.

Because the Court will set a deadline for defendant to respond or otherwise plead when the Court lifts the stay, the Court finds that defendant's motion for extension of time (Dkt. # 35) to answer or otherwise plead pending ruling on defendant's motion to stay is moot.

**IT IS THEREFORE ORDERED** that defendant's opposed motion to stay proceedings (Dkt. # 33) is **granted in part**. The Court stays all proceedings, except for briefing and ruling on plaintiff's pending motion for court oversight (Dkt. # 39), until the MSPB renders final decisions

as to plaintiff's pending appeals. Upon lifting the stay, the Court will set a deadline for defendant to file his answer or otherwise plead.

**IT IS FURTHER ORDERED** that defendant's opposed motion for extension of time to answer or otherwise plead pending ruling on defendant's motion to stay (Dkt. # 35) is **moot**.

**IT IS FURTHER ORDERED** that the parties shall file notice of any final orders entered by the MSPB in plaintiff's pending appeals **within 15 days of their entry**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed, pursuant to FED. R. CIV. P. 25(d), to substitute Mark Averill, Acting Secretary of the Army, as the defendant in this action.

**DATED** this 12th day of February, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE