UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY THOMPSON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-CV-0322-CVE-MTS |
| ) | |
| DANIEL P. DRISCOLL,[1] ) | |
| Secretary of the Army, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court are plaintiff's motion for court oversight to protect due process and prevent defendant's improper influence over the Merit Systems Protection Board (MSPB) (Dkt. # 39), and defendant's response (Dkt. # 44) and attached exhibit (Dkt. # 44-1). Plaintiff's reply was due March 8, 2025, and plaintiff has not filed a reply. As plaintiff proceeds pro se, the Court liberally construes his pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

On January 24, 2025, defendant filed an opposed motion to stay proceedings until 60 days following the MSPB's entry of final decisions on plaintiff's pending appeals, which defendant asserted involved the same factual background, substantive witnesses, documents, and discovery as the claims before the Court. Dkt. # 33, at 3, 4, 5. On January 28, 2025, plaintiff filed a response to defendant's motion to stay, arguing that the Court should not grant the stay and alleging that defendant engaged in ex parte communications with the MSPB. Dkt. # 34, at 3-4, 7. On February 4, 2025, while defendant's motion to stay proceedings was pending, plaintiff filed the motion for

---

[1] Effective February 25, 2025, pursuant to FED. R. CIV. P. 25(d), Secretary of the Army Daniel P. Driscoll is substituted as the defendant in this action.

court oversight currently before the Court. Dkt. # 39. On February 12, 2025, the Court granted in part defendant's opposed motion to stay proceedings, finding that a stay promoted the interest of judicial economy, and that plaintiff's allegation that defendant engaged in ex parte communications was meritless. Dkt. # 41, at 5 n.9, 7. When ruling on the motion to stay, the Court did not consider plaintiff's motion for court oversight because the motion had not been fully briefed. Id. at 1 n.2. On February 25, 2025, defendant filed his response to the motion for court oversight. Dkt. # 44.

Plaintiff alleges that defendant engaged in improper conduct and asks the Court "to exercise its authority to protect his due process rights and to ensure that the judicial process remains fair, impartial, and free from improper influence." Dkt. # 39, at 1. Plaintiff states that "[d]efendant's actions in this case threaten to deprive [p]laintiff of his right to a fair hearing by manipulating procedural timing, interfering with an independent adjudicatory body (MSPB)[,] and engaging in deceptive litigation tactics." Id. Plaintiff asks that the Court: (1) "[o]rder the Department of Justice [(DOJ)] to disclose all communications between [] [d]efendant and the MSPB and the Agency[2] regarding [p]laintiff's currently pending MSPB cases[;]" (2) "[o]rder [] [d]efendant to explain how [he] obtained private MSPB case materials in [p]laintiff's unrelated cases outside of their jurisdiction[;]" (3) "[p]revent [] [d]efendant from using any MSPB rulings tainted by improper influence, ex parte communications, or procedural manipulation[;]" (4) "[d]eny [] [d]efendant's motion to stay these proceedings and advance this case to the discovery phase[;]" (5) "[p]rohibit [] [d]efendant from engaging in any further ex parte communications with the MSPB or Agency

---

[2] The Court infers that plaintiff refers to the United States Army Corps of Engineers (USACE), plaintiff's former employer, as "the Agency." See Dkt. # 32, at 5, 6. The USACE is the client agency of the United States Attorney for the Northern District of Oklahoma. Dkt. # 44, at 4.

2

officials regarding [p]laintiff's pending MSPB proceedings[;]" (6) "[o]rder [d]efendant to [p]reserve [a]ll [r]elevant [e]vidence[;]" (7) "[g]rant [e]xpedited [c]onsideration of [p]laintiff's [c]laims[;]" (8) "[i]ssue a [p]rotective [o]rder [a]gainst [r]etaliation . . . preventing [] [d]efendant, the Agency, and the MSPB from retaliating against [p]laintiff in any form[;]" and (9) "[c]onsider whether sanctions are appropriate against Assistant United States Attorney [(AUSA)] Michael Cooper . . . ." Id. at 17-18 (emphasis added). Defendant responds that: he has not engaged in any improper actions; he is permitted to access and use plaintiff's MSPB records; and communications with the United States Attorney's client agency—the United States Army Corps of Engineers (USACE)—are protected from production. Dkt. # 44, at 1-4.

The Court first addresses plaintiff's specific requests for relief. Dkt. # 39, at 17-18. First, plaintiff argues that the Court should expedite, rather than stay the proceedings, and alleges that defendant engaged in ex parte communications and improperly influenced the MSPB. Id. at 1, 3, 4, 8-10, 11, 17. In light of the Court's opinion and order granting in part defendant's motion to stay proceedings (Dkt. # 41), plaintiff's arguments and requests for relief as to the stay, alleged ex parte communications, and alleged improper influence are moot.[3] Second, plaintiff requests that the Court order defendant to disclose, explain, refrain from using, or preserve potential evidence. Dkt. # 39, at 17. However, the Court stayed all proceedings, except for briefing and ruling on plaintiff's motion

---

[3] Similar to plaintiff's arguments in his response to defendant's motion to stay, plaintiff in his motion for court oversight infers from defendant's opinion—that the MSPB will likely dismiss plaintiff's pending appeals—that defendant has engaged in ex parte communications with and exercised improper influence over the MSPB. Dkt. # 33, at 3, n.2; Dkt. # 34, at 3, 7; Dkt. # 39, at 4, 7-8, 11. The Court previously considered plaintiff's argument in his response to defendant's motion to stay and found the argument to be meritless. Dkt. # 41, at 5 n.9. Further, the Court finds plaintiff's expansion on this argument—that the timing of the proceedings here and with the MSPB demonstrates coordination between defendant and the MSPB—is similarly meritless. Dkt. # 39, at 13-14, 16-17.

for court oversight, until the MSPB renders final decisions as to plaintiff's pending MSPB appeals. Dkt. # 41, at 7. Therefore, defendant's discovery related requests are premature, and the Court will not consider them. Finally, the Court is without sufficient information to consider plaintiff's vague request that the Court "issue an order preventing [] [d]efendant, the Agency, and the MSPB from retaliating against [p]laintiff in any form, including the intimidation and harassment of his family members and minor grandchildren." Dkt. # 39, at 18.

More generally, plaintiff requests the Court's "oversight." Id. at 1. As plaintiff alleges that the pending MSPB proceedings violated his due process rights, the Court infers that plaintiff asks the Court to oversee the pending MSPB proceedings. Id. at 14-15.[4] The Court has found no authority giving it the power to oversee MSPB proceedings. The MSPB is "an independent adjudicator of federal employment disputes" in the executive branch. Kloeckner v. Solis, 568 U.S. 41, 44 (2012); United States v. Fausto, 484 U.S. 439, 449 (1988) (explaining that the Civil Service Reform Act of 1978 (CRSA) "enables the development, through the MSPB, of a unitary and consistent Executive Branch position on matters involving personnel action, avoids an unnecessary layer of judicial review in lower federal courts, and encourages more consistent judicial decisions . . . .") (internal quotations omitted). Under 25 U.S.C. § 7702, the MSPB has jurisdiction "[i]n the case of any employee who—(A) has been affected by an action which the employee . . . may appeal to the MSPB, and (B) alleges that a basis for the action was discrimination prohibited by specified antidiscrimination statutes . . . ." Perry v. Merit Sys. Prot. Bd., 582 U.S. 420, 425 (2017). The

---

[4] To the extent that plaintiff asks the Court to oversee its own proceedings to protect his right to due process, the Court finds plaintiff's request is frivolous.

4

Supreme Court has summarized the ways in which a plaintiff may seek judicial review of an MSPB decision:

> A federal employee . . . may first file a discrimination complaint with the agency itself . . . . If the agency decides against her, the employee may then either take the matter to the MSPB or . . . su[e] the agency in district court. Alternatively, the employee may initiate the process by bringing her case directly to the MSPB . . . . If the MSPB upholds the personnel action [in either instance], the employee . . . may request additional administrative process . . . with the [Equal Employment Opportunity Commission] [(]EEOC[)], or [] she may seek judicial review.

Kloeckner, 568 U.S. at 45 (internal citations omitted); 5 U.S.C. § 7702(a)(3) ("Any decision of the Board . . . shall be a judicially reviewable action as of . . . the date of issuance of the decision if the employee . . . does not file a petition with the [EEOC] . . . ."). Therefore, until the MSPB issues final decisions in plaintiff's pending appeals, the MSPB proceedings are not judicially reviewable, and the Court cannot consider plaintiff's arguments regarding alleged due process violations during these pending proceedings.[5] See 5 U.S.C. § 7702; Harms v. I.R.S., 321 F.3d 1001, 1009 (10th Cir. 2003) ("[O]nce a plaintiff chooses to file a mixed case appeal with the MSPB, he must exhaust administrative remedies in that forum prior to filing a civil action in federal district court."); Punch v. Bridenstine, 945 F.3d 322, 329 (5th Cir. 2019) (interpreting § 7702 as placing clear jurisdictional limits "on when—and in what instances— . . . MSPB actions may be scrutinized by the courts").

---

[5] Even if the Court had the power to oversee the MSPB proceedings, plaintiff seeks injunctive relief against a nonparty, but does not argue that the requirements for a nonparty injunction are met. See Andrews v. Andrews, 160 F. App'x 798, 799-800 (10th Cir. 2005) (unpublished) (interpreting United States v. New York Tel. Co., 434 U.S. 159 (1977)); 10th Cir. R. 32.1(A) (The Court cites this unpublished decision for its persuasive value). Further, plaintiff does not argue that the exception to administrative exhaustion outlined in Harline v. Drug Enf't Admin., 148 F.3d 1199, 1203 (10th Cir. 1998), applies to actions against the MSPB, or that the MSPB waived this requirement.

Plaintiff also alleges that defendant engaged in various improper conduct, but provides no evidence to support his allegations. Dkt. # 39, at 1-2, 4-8, 13-14, 16-17. Plaintiff alleges that defendant deliberately misrepresented an MSPB ruling in its motion to stay and improperly accessed MSPB rulings. Id. at 5-8. However, the Court has reviewed defendant's opposed motion to stay proceedings and the related MSPB order, and the Court finds that defendant did not misrepresent the ruling.[6] Dkt. # 33, at 2; Dkt. # 44-1, at 15. Further, the Court finds that plaintiff's argument that defendant improperly obtained MSPB documents is frivolous. Dkt. # 39, at 11-12. Plaintiff placed at issue the MSPB records pertaining to his claims here and with the MSPB by appealing an MSPB decision that is closely related to other pending MSPB decisions. See e.g., Dkt. # 2, at 7 (notifying the Court of plaintiff's related pending MSPB appeals). Therefore, as the Court has no authority to oversee pending MSPB proceedings and defendant did not engage in any improper conduct, the Court denies plaintiff's motion for court oversight (Dkt. # 39).

**IT IS THEREFORE ORDERED** that plaintiff's motion for court oversight to protect due process and prevent defendant's improper influence over the MSPB (Dkt. # 39) is **denied**.

---

[6] In defendant's motion to stay proceedings, defendant stated that the MSPB administrative law judge in her initial decision "found that [p]laintiff failed to prove that [d]efendant failed to accommodate his disability and failed to prove that [d]efendant subjected him to intolerable working conditions such that [p]laintiff failed to establish that he was subjected to a constructive suspension." Dkt. # 33, at 2. Defendant correctly represented the judge's initial decision in which she found that plaintiff failed to: "demonstrate the agency constructively suspended him . . . [;]" "prove the agency took any wrongful actions that deprived him of a meaningful choice in his decision to take leave[;]" and "prove [that] the agency failed to accommodate his disability." Dkt. # 44-1, at 15.

Additionally, the Court notes that plaintiff bases his request for sanctions on this meritless argument. Dkt. # 39, at 5-7. Regardless, a motion for sanctions is not properly before the Court, and the Court will not consider whether sanctions are appropriate. See FED. R. CIV. P. 11(c)(2).

**IT IS FURTHER ORDERED** that the Court Clerk is directed, pursuant to FED. R. CIV. P. 25(d), to substitute Daniel P. Driscoll, Secretary of the Army, as the defendant in this action.

**IT IS FURTHER ORDERED** that this case remains stayed per prior order (Dkt. # 41).

**DATED** this 26th day of March, 2025.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE