UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY THOMPSON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-CV-0322-CVE-MTS |
| ) | |
| DANIEL P. DRISCOLL, in his official, ) | |
| capacity as Secretary of the Army, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is plaintiff's motion to reopen this case and to file a second amended complaint. Dkt. # 48. On July 10, 2024, plaintiff, proceeding pro se, filed a complaint for review of a decision by the Merits System Protection Board (MSPB) regarding his claim seeking relief under the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 791 et seq., for alleged discrimination, harassment, intentional infliction of emotional distress, constructive suspension, and retaliation by his former employer, the United States Army Corps of Engineers (USACE). Dkt. # 2, ¶¶ 17-21. In January 2025, plaintiff filed a motion for leave to file an amended complaint (Dkt. # 24), in which he sought to include new claims under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301 et seq., which directs complaints against any federal executive agency to the MSPB and not to a district court (38 U.S.C. § 4324(b)). Plaintiff's amended complaint also included several new allegations of conduct by defendant in the MSPB proceedings, including that defendant made a "bad-faith misrepresentation" that belied

"procedural inaccuracies in the administrative process." Dkt. # 32, ¶ 10. The Court granted leave for plaintiff to amend his complaint (Dkt. # 26), and plaintiff filed his amended complaint (Dkt. # 32), albeit out of time (Dkt. # 30). Meanwhile, plaintiff's appeal remained pending before the MSPB. The Court stayed this case on February 12, 2025, and it administratively closed the case on June 26, 2025, awaiting a final decision by the MSPB. Dkt. # 47. Because the MSPB has not reached a determination within the 120-day statutory waiting period, plaintiff now seeks to reopen this case under 5 U.S.C. § 7702(e)(1), which allows him file a discrimination suit in federal district court despite the MSPB not having taken any judicially reviewable action. Dkt. # 48, ¶ 2.

Plaintiff also moves to file a second amended complaint. Id. at 6-30. In his proposed second amended complaint, he seeks to reassert and expound on claims that arise out of alleged violations of the Rehabilitation Act, USERRA, and general "misconduct" by the defendant related to both his former employment and MSPB proceedings. Id. ¶¶ 8-9. Defendant responded and partially objects to plaintiff's motion. Dkt. # 52. Defendant raises no objection to plaintiff proceeding in this Court with his constructive suspension and termination claims, brought under the Rehabilitation Act. Id. ¶ 6.[1] However, defendant objects to the reopening of the case if plaintiff proceeds with the MSPB appeal while this case is reopened, for the reasons the Court stated in its opinion and order administratively closing the case. Dkt. # 52, ¶ 7 (citing Dkt. # 41 at 6-7). Defendant also asserts that the Court lacks jurisdiction over plaintiff's claims that arise out of violations of USERRA, as the statute dictates that a federal employee's complaints be brought before the MSPB and not a federal

---

[1] The Court distinguishes between plaintiff's constructive suspension claims and termination claims, as they arise out of different events that occurred at different times and are legally and factually distinct. The Court discussed this issue more fully in its February 12, 2025 order and opinion and therefore does not repeat that discussion here. Dkt. # 41, at 5-7.

2

district court. Id. ¶¶ 8-10 (citing Jolley v. United States, 549 F. Supp. 3d 1, 5 (D.D.C. 2021), appeal dismissed, No. 21-5181, 2024 WL 1521633 (D.C. Cir. Apr. 9, 2024)). Finally, defendant objects to reopening plaintiff's claims styled as generalized grievances against the "defendant" for actions taken during the MSPB appeals process on the basis of futility. Id. ¶¶ 11-12.

Following defendant's response, the Court issued an order prior to plaintiff's reply. Dkt. # 53. The Court ordered plaintiff to note in his reply whether:

1. he is abandoning his MSPB appeals to pursue his claims solely in federal district court;

2. he will withdraw his pending MSPB appeal related to his constructive termination under the Rehabilitation Act and proceed solely in this Court;

3. acknowledge that this Court has no jurisdiction of plaintiff's USERRA claims and he may not pursue them here; and

4. acknowledge that this Court will not resolve in this proceeding any grievance(s) he has with the MSPB.

Id. Plaintiff filed his reply (Dkt. # 54), failing to address any of the four items the Court "specifically advise[d]" him to address (Dkt. # 53 (emphasis in original)). The Court now grants in part plaintiff's motion to reopen his case as to his claims brought under the Rehabilitation Act conditioned upon submission of proof of withdrawal of his appeal before the MSPB, and denies in part his motion to reopen as to any existing or new claims related to USERRA or general grievances with the MSPB.

The Rehabilitation Act protects "otherwise qualified individual[s] with a disability" from discrimination "under any program or activity receiving Federal financial assistance or under any program or activity conducted by an Executive agency . . . ." 29 U.S.C. § 794(a). Beyond just prohibiting discrimination against disabled individuals by federal agencies, the act even imposes a duty on federal employers to provide reasonable accommodations to disabled employees. Sanchez

v. Vilsack, 695 F.3d 1174, 1177 (10th Cir. 2012).  The Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 et seq., enables federal employees to bring to the attention of any executive agency matters that involve possible discrimination.  Id. § 791, amended by, Pub. L. 111-2, § 5, 123 Stat. 6.  As this Court has previously discussed with reference to this case, CSRA allows a federal employee to first seek relief with the agency and upon receiving an adverse determination, may then pursue the claim either with the MSPB or in district court. Dkt. # 46, at 2 (quoting Kloeckner v. Solis, 568 U.S. 41, 45 (2012)) (citing 5 U.S.C. § 7702(a)(3)).  An employee may also pursue his claim with the MSPB and subsequently seek additional review with the Equal Employment Opportunity Commission or with a district court.  Id. (quoting Kloeckner, 568 U.S. at 45).

When unlawful discrimination by a federal agency relates to an employment action and the MSPB has jurisdiction, it is known as a "mixed case."  Harms v. Internal Revenue Serv., 321 F.3d 1001, 1005 (10th Cir. 2003).  The Tenth Circuit has made unequivocal: "A mixed complaint and mixed case appeal . . . cannot be pursued simultaneously."  Id. (citing 29 C.F.R. § 1614.310(b)). However, 5 U.S.C. §7703(b) expressly permits a district court jurisdiction over a mixed case following a final determination by the MSPB or once the 120-day statutory waiting period has elapsed.

Given that the statute permits plaintiff to proceed in federal district court with his claims of constructive termination under the Rehabilitation Act and that defendant does not object to reopening this case with respect to these claims, the Court grants plaintiff's motion to reopen as to those claims. However, the Court partially grants the motion on the condition that plaintiff abandon his MSPB appeals to pursue his claims solely in this Court, including his pending MSPB appeal related to his constructive termination under the Rehabilitation Act.  As the Court has previously explained,

plaintiff's attempt to litigate in both fora "may result in piecemeal appeals to the Court or other district courts" that would undermine the goals of judicial efficiency, expedited resolution, and judicial economy at the appeals level. Dkt. # 41, at 7 (citing Okla. Turnpike Auth. v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001)). In resorting to review both before the MSPB and a district court, plaintiff creates "parallel litigation regarding the same agency action," against which the Supreme Court warned in this very context. Elgin v. Dep't of Treasury, 567 U.S. 1, 14 (2012); see also Perry v. Merit Sys. Prot. Bd., 582 U.S. 420, 436-37 (2017); United States v. Fausto, 484 U.S. 439, 444-45 (1988). For the reasons discussed in the Court's February 12, 2025 order and opinion, as well as for those discussed above, plaintiff's motion to reopen the case is partially granted as to his Rehabilitation Act claims on the condition that he abandon his MSPB appeals to pursue claims solely in federal district court, including his pending MSPB appeal related to constructive termination.

Plaintiff also asserts claims against USACE under USERRA. Dkt. # 48, ¶ 8. Plaintiff states that those claims "do not require administrative exhaustion and are independently within this Court's jurisdiction under **38 U.S.C. § 4323(b)(3)** . . . ." Id. (emphasis in original). The title to which plaintiff cites reads "Enforcement of rights with respect to a State or private employer." 38 U.S.C. § 4323(b)(3); see also Torres v. Tex. Dep't of Pub. Safety, 497 U.S. 580, 595 (2022). Germane here is 38 U.S.C. § 4324, which concerns the "[e]nforcement of rights with respect to Federal executive agencies." This title describes how a claimant may pursue relief by first seeking an investigation by the Secretary of Labor, which can be appealed to the MSPB, and which can again be appealed to the U.S. Court of Appeals for the Federal Circuit. Id. § 4324(d)(1). Nowhere in USERRA does Congress provide for any mechanism of review by a federal district court. Jolley, 549 F. Supp. 3d

at 5[2] ("By its terms, USERRA channels a federal employee's complaints under the statute to the MSPB, and not to federal district court."). As the Court is without jurisdiction to hear any claims arising out of USERRA, plaintiff's motion to reopen his case with respect to all USERRA claims is denied.

Finally, plaintiff seeks leave to file a second amended complaint to detail his USERRA claims, as well as his generalized grievances against the defendant for perceived "misconduct," "bad faith," "bias," and "retaliatory tactics" during the MSPB proceedings. Dkt. # 58, ¶¶ 2, 9-10, 100-18. Defendant argues, and the Court agrees, that plaintiff's proposed amendments to his complaint regarding behavior during the MSPB proceedings are futile. Dkt. # 52, ¶ 11. Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be given freely "when justice so requires." However, when there is good cause to believe that an amendment would be futile, create prejudice, or cause undue delay, a court may deny the motion. Bauchman ex rel. Bauchman v. W. High School, 132 F.3d 542, 559 (10th Cir. 1997). As the Tenth Circuit has defined it, a proposed amendment "is futile if the complaint, as amended, would be subject to dismissal." Jefferson County School Dist. v. Moody's Inv. Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999) (citing TV Comms. Net., Inc. v. Turner Net. Television, Inc., 964 F.2d 1022, 1028 (10th Cir. 1992)). In analyzing futility, a court holds pleadings to the same standard as a motion to dismiss under Rule 12(b)(6). Knight v. Mooring Cap. Fund, LLC, 749 F.3d 1180, 1190 (10th Cir. 2014).

---

[2]  In plaintiff's reply, he argues "Defendant's reliance on *Jolley* is misplaced" because Jolley concerned mixed claims of USERRA and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq., and because the 120-day limit on filing in district court, established in 5 U.S.C. § 7702, was not at issue. Dkt. # 54, ¶¶ 7-8. Despite differences in the facts of the cases, the Jolley court aptly described an immutable quality of section 4324: it cannot be read as creating a right of action that can be heard in federal district courts.

Plaintiff's proposed second amended complaint as to these grievances suffers from several infirmities with respect to futility. First, plaintiff's other claims relate to causes of action that are based on his employment with the USACE, brought under either the Rehabilitation Act or USERRA, as discussed supra. Dkt. # 48, ¶¶ 125-54. Nowhere in his proposed second amended complaint does plaintiff assert a valid claim related to any event following his resignation from the USACE. Thus, discussion of any proceedings following the resignation cannot have any bearing on the controversy, rendering them immaterial. As no relief can be granted on the basis of the claims brought beyond the period of employment, the amendments are futile. Next, plaintiff's allegations conflate the actions of the MSPB and the attorneys involved with the hearing process, with the activities of the USACE as plaintiff's former employer. For example, plaintiff claims that during the MSPB appeal, "Defendant engaged in conduct that demonstrated bad faith in the administrative process." Dkt. # 48, ¶¶ 110-18. Plaintiff alleges that defendant submitted sworn statements "inconsistent with contemporaneous documentary evidence" and produced "incomplete and inaccurate" information before the MSPB. Id. However, it is unclear whether plaintiff's allegations are against the USACE in its capacity as employer, or whether they are against the attorneys involved in representing the USACE. In essence, the complaint "sets forth various claims against defendants who are not before" the Court, which it is not in a position to hear without properly joining those defendants and without properly alleging a legal claim that entitles his to relief. Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009). Both because of their nature and their relationship to defendants not properly before this Court, plaintiff's generalized grievances about the MSPB and the proceedings there are futile. Plaintiff's motion to reopen the case and amend his complaint to include his generalized grievances against the MSPB is denied. Plaintiff may amend his complaint so long as he is compliant with the above-

discussed limitations. Prior to submitting his second amended complaint, plaintiff is reminded that a court may deny leave to amend if he "repeated[ly] fail[s] to cure deficiencies by amendments previously allowed." Foman v. Davis, 371 U.S. 178, 182 (1962).

**IT IS THEREFORE ORDERED** that plaintiff's motion to reopen his case and file a second amended complaint (Dkt. # 48) is **denied in part** and **granted in part**. Plaintiff's motion to reopen his case is denied as to all claims under USERRA and all generalized grievances against the MSPB or other defendants who are not named in the caption of the complaint. Plaintiff's motion to reopen his case is granted as to claims brought under the Rehabilitation Act with respect to his constructive termination if plaintiff agrees to: 1) abandon his MSPB appeals to pursue his claims solely in federal district court and 2) withdraw his pending MSPB appeal related to his constructive termination under the Rehabilitation Act and proceed solely in this Court.

**IT IS FURTHER ORDERED** that, if plaintiff chooses to proceed, he is **ordered** to file in this case an MSPB file-stamped notice of withdrawal of MSPB proceedings and appeals, before he may file a second amended complaint. Plaintiff is advised that, if his second amended complaint contains claims arising under USERRA or general grievances regarding the MSPB appeals process, those portions of the complaint will be subject to dismissal on the above-discussed grounds. Once the Court is in receipt of plaintiff's MSPB file-stamped notice of withdrawal and second amended complaint, the Court will reopen the case and enter a new scheduling order.

**DATED** this 17th day of September, 2025.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE