## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

GREGORY THOMPSON, SR.,      )
     )
     **Plaintiff,**     )
     )
v.      )      **Case No. 24-CV-0322-CVE-MTS**
     )
DANIEL P. DRISCOLL, in his official,      )
capacity as Secretary of the Army,      )
     )
     )
     **Defendant.**     )

## OPINION AND ORDER

Now before the Court are defendant Daniel P. Driscoll's response (Dkt. # 57) to plaintiff Gregory Thompson Sr.'s notice of compliance (Dkt. # 56), as well as plaintiff's motion to exercise supplemental jurisdiction under 28 U.S.C. § 1367 as an equitable necessity to preserve USERRA rights (Dkt. # 61), and defendant's motion to stay in light of lapse of appropriations (Dkt. # 62). Pursuant to the Court's September 17, 2025, opinion and order (Dkt. # 55), plaintiff filed a notice of compliance on September 26, 2025, stating that on September 24, 2025, he had withdrawn his appeal to the Merits System Protection Board ("MSPB"), as to all claims brought under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 791 et seq., (Dkt. # 56). Defendant responded to plaintiff's notice of compliance, alerting the Court that on September 23, 2025, the MSPB issued a decision dismissing plaintiff's appeal for lack of jurisdiction. Dkt. # 57, ¶ 4; Dkt. # 57-1. Plaintiff replied and also filed a motion to exercise supplemental jurisdiction over claims brought under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq. Defendant then moved to stay further briefing on plaintiff's motion in light of the current lapse in appropriations. Dkt. # 62.

# I.

On February 9, 2023, plaintiff received a decision from the MSPB, dismissing for lack of jurisdiction his claim for constructive discharge from the U.S. Army Corps of Engineers ("USACE").  Dkt. # 10-1, at 1.  The MSPB affirmed the decision on June 24, 2024, Dkt. # 10-2. Meanwhile, plaintiff filed two other claims before the MSPB, one seeking relief under USERRA, and one for violations of section 501 of the Rehabilitation Act.  Dkt. # 10, ¶ 10 (citing Dkt. # 2, at 7).  All three cases involve the same underlying facts, namely his departure from USACE.  Id. Plaintiff seeks review of all three determinations before this Court. Dkt. # 61, at 1.  Defendant previously moved to stay proceedings (Dkt. # 33), and the Court granted the motion, staying the case until after the MSPB rendered a final decision as to plaintiff's pending appeal of his Rehabilitation Act claims, and ordering the parties to file notice of any final orders entered by the MSPB in plaintiff's pending appeals (Dkt. # 41).  The Court then administratively closed this case until the MSPB rendered a final decision as to plaintiff's pending appeals (Dkt. # 47)

On August 12, 2025, plaintiff moved to reopen the case, seeking leave to file a second amended complaint, and to reopen his case under 5 U.S.C. § 7702(e)(1) to review his two appeals still pending before the MSPB, brought under USERRA and the Rehabilitation Act, respectively. Dkt. # 48.  On September 17, 2025, Court granted plaintiff's motion to file a second amended complaint as to his claims under the Rehabilitation Act but denied his motion as to all existing or new claims brought under USERRA and any general grievances with the MSPB.  Dkt. # 55.  The Court explained that district courts lack jurisdiction to hear claims under USERRA, which are instead channeled by the statute's terms to the MSPB.  Id. at 5-6 (citing Jolley v. United States, 549 F. Supp. 3d 1, 5 (D.D.C. 2021)).  The Court further ordered plaintiff to file an MSPB file-stamped

notice of withdrawal of his MSPB proceedings and appeals before he file his second amended complaint, at which time the Court would reopen the case and enter a new scheduling order. Id. at 8.

On September 26, 2025, plaintiff filed a notice of compliance with the Court's September 17, 2025 order, stating that he had withdrawn the pending appeal of his MSPB claims under the Rehabilitation Act on September 24, 2025 at 12:07 a.m. Dkt. # 56, at 5. On October 1, 2025, defendant filed a response to plaintiff's notice of compliance, drawing the Court's attention to a decision, issued on September 23, 2025, by the MSPB on plaintiff's Rehabilitation Act claims. Dkt. # 57, ¶ 4; Dkt. # 57-1. Plaintiff replied, stating that he seeks review of the MSPB determinations regarding his constructive discharge and Rehabilitation Act claims, in addition to seeking review under 5 U.S.C. § 7702(e)(1) of his MSPB claims brought under USERRA, because they do not yet have a final determination. Dkt. # 60, at 7, 15, 19-20, 35. Plaintiff also filed a "motion to exercise supplemental jurisdiction under 28 U.S.C. § 1367 as an equitable necessity to preserve USERRA rights." Dkt. # 61. Therein, plaintiff reiterated that he seeks review of his MPSB claims brought under USERRA pursuant to 5 U.S.C. § 7702(e)(1), as the 120-day statutory waiting period has elapsed, vesting the Court with jurisdiction. Id. at 2-3. Plaintiff argued that this Court has supplemental jurisdiction over his USERRA claims, pursuant to 28 U.S.C. § 1367(a), given that they arise out of a "common nucleus of operative fact" as his two other claims before the MSPB that have final determinations and are ripe for review. Id. at 1, 7-8, 10. Defendant then moved to "stay all briefing in this case until Congress has restored appropriations." Dkt. # 62, ¶ 4.

## II.

Federal courts are courts of limited jurisdiction and lack the power to hear any case that is beyond their subject-matter jurisdiction. Merida Delgado v. Gonzalez, 428 F.3d 916, 919 (10th Cir. 2005); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1988) (defining federal subject-matter jurisdiction as "the courts' statutory or constitutional power to adjudicate the case."). The party invoking federal jurisdiction bears the burden of "alleg[ing] facts demonstrating the appropriateness of invoking judicial resolution of the dispute." New Mexicans for Bill Richardson v. Gonzalez, 64 F.3d 1495, 1499 (10th Cir. 1995) (citing Renne v. Geary, 501 U.S. 312, 317 (1991)); McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936). Even if a party has not raised the issue of jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). A court may raise the issue of subject-matter jurisdiction sua sponte and at any stage of litigation. 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006); Tafoya v. U.S. Dep't of Just., 748 F.2d 1389, 1390 (10th Cir. 1984) ("Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties."). Under Federal Rule of Civil Procedure 12(h)(3), if a court raises the issue of subject-matter jurisdiction and finds that it lacks jurisdiction, it must dismiss the claims beyond its reach.

### A. The Court Lacks Jurisdiction to Hear Plaintiff's Claims Brought Under USERRA

Plaintiff seeks to file USERRA claims under 5 U.S.C. § 7702(e)(1), which were also the subject of his MSPB appeals that were pending for more than 120 days. Dkt. # 48, at 6. USERRA

was enacted in 1994 to protect uniformed service members from employment discrimination on the basis of their service. See 38 U.S.C. § 4311(a). Section 4324 of USERRA, which applies to "Federal executive agency" employers, channels adjudication of claims to the MPSB, and upon the issuance of a final decision, then entitles a claimant to petition the Federal Circuit for review. 38 U.S.C. § 4324(c)-(d). This section "does not authorize a private USERRA action against the Federal Government, as an employer, in federal district court; rather, it confers jurisdiction upon the Merit Systems Protection Board." Dew v. United States, 192 F.3d 366, 372 (2d. Cir. 1999). In two previous opinions and orders, the Court explained that § 7702 both disallows a claimant from simultaneously pursuing an appeal with the MSPB and review by a district court, and forecloses review of claims brought under USERRA. Dkt. # 55, at 4, 7; Dkt. # 46, at 5. On these bases, the Court has already denied plaintiff's request to reopen his case as to all USERRA claims. Dkt. # 55, at 8. However, plaintiff again moves the court for review of the MSPB's review of his claims brought under USERRA, this time moving for the court to "exercise supplemental jurisdiction" under 28 U.S.C. § 1367. Dkt. # 61.

Under 28 U.S.C. § 1367, federal courts are granted jurisdiction to hear claims related to civil actions over which they already have jurisdiction, so long as the claims "form part of the same case or controversy under Article III of the United States Constitution." That section begins with a caveat; it reads: "Except . . . as expressly provided otherwise by Federal statute . . . ." Id. § 1367(a) (emphasis added). In this case, 38 U.S.C. § 4324(c)-(d) expressly provides otherwise. In committing the power to review USERRA claims to the MSPB and the Federal Circuit, USERRA, as a federal statute, precludes federal district courts from exercising jurisdiction over USERRA claims, even when they form part of the same case or controversy and even when both sets of claims arise from

a common nucleus of operative fact. See Jolley, 549 F. Supp. 3d at 5. Plaintiff acknowledges this in his motion, but "asks the Court to exercise supplemental jurisdiction only because [§ 4324 and § 7703] have been rendered incapable of providing meaningful judicial review on these facts." Dkt. # 61, at 3. Subject-matter jurisdiction is a court's statutory or constitutional power, meaning what is outside of its jurisdiction is beyond its power to adjudicate. Steel Co., 523 U.S. at 89. The Court lacks jurisdiction to hear plaintiff's claims for relief under USERRA, and plaintiff's motion to exercise supplemental jurisdiction to hear these claims (Dkt. # 61) is denied.

**B. The Court Has Jurisdiction to Review Plaintiff's MSPB Determination**

By contrast, the Court has jurisdiction over plaintiff's Rehabilitation Act claims, and it will review the September 26, 2025 MSPB decision as part of its review of the administrative record. Plaintiff properly seeks review of his MSPB claim brought under the Rehabilitation Act, which this Court has the power to hear under 5 U.S.C. § 7702(e)(1), after the 120-day statutory waiting period had elapsed. See Dkt. # 55, at 2 (citing Dkt. # 48, ¶ 2) (describing the allegations as pled in plaintiff's proposed second amended complaint). Plaintiff seeks to bring a "mixed case," in that he alleges unlawful discrimination by a federal agency that relates to an employment action over which the MSPB has jurisdiction. Id. (citing Harms v. Internal Revenue Serv., 321 F.3d 1001, 1005 (10th Cir. 2003)). These "mixed cases" create concurrent jurisdiction between district courts and the MSPB to "promote judicial efficiency." Vanover v. O'Leary, 956 F. Supp. 1211, 1221 (N.D. Okla. 1997), aff'd sub nom., Vanover v. Dep't of Energy, 153 F.3d 730 (10th Cir. 1998); see also Kloeckner v. Solis, 568 U.S. 41, 50 (2012); Perry v. Merit Sys. Prot. Bd., 582 U.S. 420, 422 (2017). But during that period when a district court and the MSPB have concurrent jurisdiction under § 7702(e)(1), "the MSPB retains a continuing obligation to issue an opinion as to agency's termination

6

decision, and if such opinion is issued prior to the termination of the district court discrimination case, the district court may review the MSPB ruling." <u>Vanover</u>, 956 F. Supp. at 1221. The MSPB's decision entered on September 23, 2025 is reviewable as part of the MSPB administrative record related to plaintiff's Rehabilitation Act claims.[1] <u>See</u> Dkt. # 57, at 2 n.1; <u>see Butler v. West</u>, 164 F.3d 634, 639 n.10 (D.C. Cir. 1999).

Despite the fact that plaintiff did not immediately withdraw his appeal and despite the fact that plaintiff was not the party to alert the Court of the MSPB's decision, plaintiff did ultimately comply with the Court's September 17, 2025 order to withdraw his appeal. <u>See</u> Dkt. # 55, at 4, 8 (directing plaintiff to "1) abandon his MSPB appeals to pursue his claims solely in federal district court and 2) withdraw his pending MSPB appeal related to his constructive termination under the

---

[1] The MSPB entered an initial decision on September 23, 2025. Assuming that defendant does not petition for another round of review and the MSPB does not overturn or modify the decision during the thirty-five day waiting period, by operation of law, the initial decision will convert into a final decision on October 28, 2025, notwithstanding any extension allowed as a result of the lapse in federal appropriations. Dkt. # 57, at 2 n.1; 5 C.F.R. § 1201.113; U.S. MERIT SYS. PROT. BD., STATUS OF THE U.S. MERIT SYSTEMS PROTECTION BOARD DURING A PARTIAL GOVERNMENT SHUTDOWN (2025), https://www.mspb.gov/publicaffairs/press_releases/Shut down_Press_Release_Oct12025.pdf. The distinction between an initial and final decision is a thirty-five day waiting period during which either party can seek review of the initial decision by the MSPB before it becomes final. 5 C.F.R. § 1201.113; <u>Butler</u>, 164 F.3d at 640 ("While an initial decision can convert to a final decision with either the passage of thirty-five days or the denial of all outstanding petitions for review, it can also be overturned or modified by the Board . . . . [T]hroughout the thirty-five-day period following the issuance of an initial decision, the parties can each petition for another round of review from the Board.").

Regardless of whether the MSPB's decision is considered initial or final, because the MSPB did not issue a "judicially reviewable decision" during the statutorily-mandated 120-day waiting period, the Court has jurisdiction, including to review the decision as part of the MSPB administrative record, under § 7702(e)(1). <u>See Butler</u>, 164 F.3d at 643 (deciding what constitutes a "judicially reviewable decision" with an initial decision issued on the 120th day of the statutory waiting period and a final decision that is issued after the waiting period, as compared to a mixed case in which 120 days have elapsed without an initial or final decision).

Rehabilitation Act and proceed solely in this Court"); see also Dkt. # 41, at 8 (directing the parties to "file notice of any final orders entered by the MSPB in plaintiff's pending appeals **within 15 days of their entry**"). In his reply to defendant's notice of the MSPB's determination, plaintiff argued that he had "no legal duty to notify this Court of an ultra vires decision issued by an Administrative Judge who lacked jurisdiction once the 120-day bypass under § 7702(e)(1) had already vested." Dkt. # 60, at 5. Plaintiff misunderstands the application of § 7702(e)(1). As discussed above, § 7702(e)(1) grants a district court the power to review a claimant's underlying discrimination claims de novo, but it does not strip the MSPB of its jurisdiction. See Butler, 164 F.3d at 642 ("Accordingly, although the MSPB does not lose its jurisdiction when the 120 days elapse without a final decision, the appropriate federal district court can take jurisdiction as well.") It is for this reason that the Court ordered plaintiff to withdraw his appeals related to claims brought under the Rehabilitation Act. Because plaintiff withdrew the appeal of his claims under the Rehabilitation Act on September 24, 2025 at 12:07 a.m. (Dkt. # 56, at 2), after the MSPB had issued and served its decision on the parties on September 23, 2025 (Dkt. # 57-1, at 43-44), the Court will consider the MSPB's decision as part of the administrative record, which is now ripe for review.

IT IS THEREFORE ORDERED that plaintiff's motion to exercise supplemental jurisdiction under 28 U.S.C. § 1367 as equitable necessity to preserve USERRA rights (Dkt. # 61) is **denied**.

IT IS FURTHER ORDERED that defendant's motion to stay in light of lapse in appropriations (Dkt. # 62) is **granted**. This case is hereby **stayed**. Following the restoration of federal funding to the Department of Justice and the USACE, the Court will lift the stay and enter a scheduling order, to include a deadline for the filing of a second amended complaint.

**DATED** this 21st day of October, 2025.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE