UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GREGORY THOMPSON, SR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-CV-0322-CVE-MTS |
| | ) | |
| **DANIEL P. DRISCOLL**, in his official, | ) | |
| capacity as Secretary of the Army, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are plaintiff Gregory Thompson's motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) (Dkt. # 72), defendant Daniel P. Driscoll's motion to dismiss plaintiff's second amended complaint (Dkt. # 74), and plaintiff's motion to exclude all findings by the Merit System Protection Board (MSPB) (Dkt. # 43). Following the Court's November 22, 2025 order (Dkt. # 65), plaintiff filed a second amended complaint, alleging five claims under § 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 791 et seq. Dkt. # 67, ¶¶ 149-94. Pursuant to the Court's October 10, 2025 opinion and order (Dkt. # 63), plaintiff's second amended complaint omits several claims that he previously alleged in his first amended complaint (Dkt. # 32) and proposed second amended complaint (Dkt. # 49), which related to the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301 et seq., over which the Court lacks jurisdiction.

Plaintiff has now filed a motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b), seeking entry of final judgment as to his USERRA-based claims, which he asserts would allow him to seek appellate review of the MSPB's determination regarding those claims. Dkt. # 72. Before responding to plaintiff's motion, defendant filed a motion to dismiss plaintiff's second

amended complaint for failure to comply with Federal Rule of Civil Procedure 8(a). Dkt. # 74. Plaintiff responded in opposition to defendant's motion to dismiss (Dkt. # 75), defendant then responded in opposition to plaintiff's motion for entry of final judgment (Dkt. # 78), and plaintiff replied to defendant's response to his motion for entry of final judgment (Dkt. # 79).

## I.

In July 2024, plaintiff, proceeding pro se, filed a complaint in this case, seeking review of a final order issued by the MSPB, which "dismissed his appeal for disability discrimination, denied accommodation, and constructive suspension in violation of the Rehabilitation Act of 1973, and the prohibited personnel practice statutes outlined in 5 U.S.C. § 2302(b)." Dkt. # 2, at 1. Plaintiff alleged five claims arising out of the circumstances of his resignation from his role at the U.S. Army Corps of Engineers (USACE). Id. ¶¶ 5-12. Plaintiff alleged that he is a disabled combat veteran who suffers from several documented disabilities, including post-traumatic stress disorder, major depressive disorder, migraine headaches, and hypertension. Id. ¶ 4. During the COVID-19 pandemic, his role at the USACE involved working from home five days per week; however, in 2022, he was instructed to return to the office at least one day per week. Id. ¶ 5. Although plaintiff requested an accommodation to continue to work fully remotely based on his documented disability, he alleges that he was refused reasonable accommodation, which led to his resignation. Id. ¶¶ 5-10. Plaintiff noted that ongoing were two related cases before the MSPB, in which plaintiff raised claims for violations of the USERRA in one case and § 501 of the Rehabilitation Act in the other case, "based on the same set of background facts" as this case. Id. at 7. In January 2025, plaintiff sought leave to amend his complaint, wherein he introduced new claims, seeking review of the MSPB's determination related to the USERRA, and he appreciably increased the scope and specificity of his

factual allegations. Dkt. # 24, at 2. The Court granted his motion (Dkt. # 26).[1] Thereafter, defendant moved to stay proceedings until 60 days after the MSPB's entry of final decisions on plaintiff's pending appeals (Dkt. # 33), which the Court granted in part (Dkt. # 41). Plaintiff then filed a motion to exclude the MSPB record. Dkt. # 43.

In August 2025, plaintiff moved to reopen the case (Dkt. # 48) and file a second amended complaint (Dkt. # 49), which defendant opposed (Dkt. # 52). Before plaintiff replied, the Court issued an order, asking plaintiff to note in his reply whether he was abandoning his MSPB appeals related to the Rehabilitation Act to proceed solely in this Court and whether he acknowledged that this Court had no jurisdiction over either the USERRA claims or generalized grievances with the MSPB. Dkt. # 53. Plaintiff failed to respond to the Court's notice in his reply (Dkt. # 54), and the Court granted in part and denied in part plaintiff's motion to reopen the case and file a second amended complaint (Dkt. # 55). In its September 17, 2025, opinion and order, the Court specifically denied the motion as to "all claims under USERRA and all generalized grievances against the MSPB or other defendants who are not named in the caption of the complaint." First, the Court explained that it was "without jurisdiction to hear any claims arising out of USERRA," and, second, it dismissed as futile any claims regarding generalized grievances with the MSPB for lack of

---

[1] Despite the Court's order, plaintiff did not timely amend his complaint (Dkt. # 29). Plaintiff then sought leave to amend his amended complaint out of time (Dkt. # 30), which the Court granted (Dkt. # 29), and plaintiff proceeded to file his first amended complaint (Dkt. # 32). During this period, the parties filed several other motions, including a motion to dismiss (Dkt. # 18) and motion for extension of time to answer or otherwise plead (Dkt. # 35). The Court recounts the details of that procedural history in its previous opinions and orders in this case, and therefore does not repeat that history here. Dkt. # 41; Dkt. # 46; Dkt. # 55.

jurisdiction and because the complaint set forth grievances against defendants not properly before the Court, against whom defendant had not properly alleged any claim entitling him to relief. Dkt. # 55, at 8, 6-7.[2]

Plaintiff asked the Court yet again to exercise jurisdiction over his USERRA-related claims, this time moving the Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). Dkt. # 61. In the Court's October 21, 2025, opinion and order, it explained that it lacks jurisdiction over USERRA claims, that because "[subject-matter jurisdiction is a court's statutory and constitutional power, . . . what is outside of its jurisdiction is beyond its power to adjudicate." Dkt. # 63, at 6 (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1988)). The Court denied plaintiff's motion pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction over all claims related to appeals of his MSPB case relating to USERRA, id. at 8-9, and ordered plaintiff to file a second amended complaint (Dkt. # 65).[3] Plaintiff then filed his second amended complaint (Dkt. # 66), pursuant to the Court's November 21, 2025, order (Dkt. # 65). He now alleges five causes of action arising out of § 501 of the Rehabilitation Act and alleges facts related

---

[2] The Court's opinion and order also addressed the parallel proceedings with the MSPB regarding plaintiff's Rehabilitation Act claims. Dkt. # 55, at 4-5, 8 In short, the Court ordered plaintiff to file a notice of withdrawal of his MSPB proceedings and appeals related to his Rehabilitation Act claims in order to avoid "piecemeal appeals to the Court or other district courts." Id. at 5. Plaintiff filed a notice of compliance, stating that he had withdrawn his MSPB appeal in the pending case related to alleged violations of the Rehabilitation Act. Dkt. # 56. The day before plaintiff filed his notice of compliance, the MSPB entered an initial decision, which defendant submitted to the Court (Dkt. # 57), that the Court determined will be considered "as part of the administrative record, which is now ripe for review" (Dkt. # 63, at 8).

[3] During this period, a lapse in appropriations occurred, and defendant moved to stay proceedings. Dkt. # 62. The Court granted that motion, entering a brief stay until after restoration of federal funding (Dkt. # 63), which was lifted (Dkt. # 65), following defendant's notice of restored funding to the Department of Justice (Dkt. # 64).

to his employment and eventual resignation from the USACE. Dkt. # 66. Plaintiff's second amended complaint does not include any claims related to USERRA. Id.

Plaintiff then moved for entry of judgment as to his USERRA claims pursuant to Rule 54(b). Dkt. # 72. Plaintiff seeks entry of final judgment on the basis that the Court dismissed his USERRA-related claims and declined to exercise supplemental jurisdiction. Id. at 4. Defendant responded to plaintiff's motion for entry of judgment (Dkt. # 76), and plaintiff replied (Dkt. # 79). In the interim, defendant filed a motion to dismiss plaintiff's second amended complaint for failure to comply with Rule 8(a), arguing that "[p]laintiff's garrulity" makes it difficult to discern what is being alleged. Dkt. # 74, at 5. Plaintiff responded, opposing the motion. Dkt. # 78.[4]

## II.

**A. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint Under Rule 8(a)**

Federal Rule of Civil Procedure 8(a) requires that a plaintiff make "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." This rule "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007). Rule 8(a) requires a "short" statement of the claim "to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity." Knox v. First Sec. Bank of Utah, 196 F.2d 112, 117 (10th Cir. 1952); see Baker v. City of Loveland, 686 F. App'x 619, 620 (10th Cir. 2017) (unpublished

---

[4] Also in the interim, plaintiff filed a motion for leave to file with the Court a copy of his petition for review, which he submitted in reply to the Department of the Army's response to his petition for review of MSPB's initial decision as to his claims related to the Rehabilitation Act. Dkt. # 70. The Court granted that motion (Dkt. # 77), and plaintiff then filed a copy of his reply brief with the Court (Dkt. # 80).

decision).[5] However, the complaint must also contain "enough allegations to give the defendants notice of the theory under which their claim is made." Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008). "While the length of a complaint can be problematic, length alone does not support dismissing a complaint with prejudice under Rule 8." In re Roberts, No. 20-3182, 2021 WL 4438744, at *3 (10th Cir. Sep. 28, 2021) (unpublished) (citing United States ex. rel Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)). "Dismissal pursuant to [Rule 8] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. at *4 (quoting Wynder v. McMahon, 360 F.3d 73, 80 (2d Cir. 2004)); Mitchell v. City of Colo. Springs, Colo., 194 F. App'x 497, 498 (10th Cir. 2006) (unpublished) (affirming dismissal of a complaint characterized as "verbose, prolix and virtually impossible to understand"). For pro se litigants, in particular, their "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). This liberal construction does not, however, relieve such litigants of the minimal pleading standards required by Rule 8(a). Further, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," nor is it a court's responsibility to "separate the wheat from the chaff," or to "stitch together cognizable claims for relief from [a] wholly deficient pleading." Mann, 477 F.3d at 1148.

Defendant has moved to dismiss plaintiff's second amended complaint on the ground that it violates Rule 8 both because it spans 41 pages and "194+ paragraphs" and "a significant portion

---

[5] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

of [p]laintiff's allegations are redundant and contain repetitive arguments regarding the sufficiency of his claims and legal theories." Dkt. # 74, at 3, 4. Defendant argues that plaintiff's "garrulity" makes it "difficult to discern what else [besides discrimination and retaliation], if anything, is being alleged." Id. at 5. Plaintiff counters that Rule 8 "does not forbid detailed factual narrative, or impose a page limit," but rather it is aimed at discerning "whether the [d]efendant understands the claims." Dkt. # 75, ¶ 22. Plaintiff goes on, that although his complaint is lengthy it "is not 'scattershot,' and the claims are not 'strewn about.'" Id. ¶ 24. Rather, "[i]t is structured, chronological, and readable," clearly identifying "(1) who is being sued, (2) under what statutes, (3) for what actions and harms, and (4) why the [p]laintiff believes those actions are unlawful." Id. ¶ 25. The Court agrees with plaintiff on this point.

While plaintiff's second amended complaint is long and contains several instances of repetition, it remains intelligible and legible. Plaintiff states five claims, arising out of the events leading up to his resignation from his role at the USACE, which he alleges amount to violations of § 501 of the Rehabilitation Act. Principally, plaintiff's second amended complaint offers defendant notice of what claims plaintiff is asserting against him and sets out the factual background on which those claims rest. Plaintiff's second amended complaint is chronologically organized, contains a coherent narrative, and clearly articulates his five claims. Whereas defendant may have preferred that plaintiff file a shorter or more concise complaint, the length of the complaint does not overwhelm a reader's ability to understand it. Any redundancies in no way obscure the nature of the claims or facts alleged. At bottom, plaintiff's complaint does not run afoul of Rule 8(a) and dismissal is not warranted.

**B. Motion for Entry of Judgment Under Rule 54(b)**

Under Federal Rule of Civil Procedure 54(b), a court may "direct the entry of a final judgment as to one or more but fewer than all of the claims" if "there is no just reason for delay and upon an express direction for the entry of judgment." For Rule 54(b) to apply, there must be "(1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." Jordan v. Pugh, 425 F.3d 820, 826 (10th Cir. 2005). In assessing a Rule 54(b) motion, a "district court must first determine that it is dealing with a 'final judgment.'" Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). A "judgment" has been defined as "a decision upon a cognizable claim for relief." Id. That judgment must also "final," meaning "it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). The notion of finality also encompasses the necessity that the claim be "distinct and separable from the claims left unresolved." Jordan, 425 F.3d at 826 (quoting Old Republic Ins. Co. v. Durango Air Serv., 283 F.3d 1222, 1225 (10th Cir. 2002)). It is only once a court is satisfied that there is a final judgment on at least one claim that it may then determine whether there is any just reason for delay. Curtiss-Wright, 446 U.S. at 8.

Plaintiff moves for entry of final judgment as to his USERRA claims, which he sought to litigate before the MSPB but were ultimately dismissed with prejudice by an administrative judge. Dkt. # 72, at 2. As best as the Court can discern, plaintiff bases his motion on two main premises. First, the MSPB has rendered a final judgment that is separable and can be appealed because it severed his USERRA and Rehabilitation Act claims and then, after he withdrew the USERRA claim, denied his appeal. Dkt. # 72, at 2, 4. Second, this Court has rendered a final judgment that is

8

separable from his Rehabilitation Act claims because it dismissed plaintiff's motion to amend his complaint for its inclusion of claims arising under USERRA (Dkt. # 55, at 5-6, 8), and it denied plaintiff's motion to exercise supplemental jurisdiction over USERRA claims pursuant to 28 U.S.C. § 1367 (Dkt. # 63, at 5-8). Dkt. # 72, at 3; Dkt. # 79, at 2-4. Plaintiff seeks an entry of final judgment as to his USERRA claims so that those claims may proceed to appellate review while he continues to litigate his five claims arising under § 501 of the Rehabilitation Act in this forum. Dkt. # 72, at 1; Dkt. # 79, at 1. Defendant responds that, based on his interpretation of plaintiff's motion, it is improper for this Court to enter a partial final judgment as an avenue to appeal an adjudication reached by the MSPB. Dkt. # 78, at 3. Moreover, even if plaintiff is properly seeking review of the Court's dismissal of his USERRA claims for lack of subject-matter jurisdiction, plaintiff has failed to show that there is no just cause for delay and that piecemeal litigation that undermines the interests of judicial economy will not result. Id. at 3-4. Neither party disputes that plaintiff has brought multiple claims in this action. At issue are the latter two steps of a Rule 54(b) analysis, determining whether there has been a final adjudication on the merits and whether there is no just reason for delay.

**1. Final Judgment**

To begin with, the MSPB's determination as to plaintiff's USERRA claims cannot be considered a "final judgment" within the meaning of Rule 54(b). In making a Rule 54(b) determination as to what a "final judgment" is, a district court is not at liberty to exercise its "exercise . . . its discretion, [to] treat as 'final' that which is not 'final' within the meaning of [28 U.S.C.] § 1291." Sears, Roebuck, 351 U.S. at 437; see also In re Integra Realty Res., Inc., 262 F.3d 1089, 1108 (10th Cir. 2001). Under § 1291, courts of appeals "have jurisdiction of appeals from all

final decisions of the <u>district</u> <u>courts</u> of the United States . . . ." (emphasis added).  Moreover, Rule 54(b) applies requires a district court to make a  "decision upon a cognizable claim for relief." <u>Curtiss-Wright</u>, 446 U.S. at 7.  Put simply, plaintiff cannot use Rule 54(b) as a channel to appeal the MSPB's determination of his USERRA claims by way of this Court.  The Court has previously explained that "[n]owhere in USERRA does Congress  provide for any mechanism of review by a federal district court."  Dkt. # 55, at 5 (citing <u>Jolley v. United States</u>, 549 F. Supp. 3d 1, 5 (D.D.C. 2021)).  The Court has also described how a claimant may "pursue relief by first seeking an investigation by the Secretary of Labor, which can be appealed to the MSPB, and which can again be appealed to the U.S. Court of Appeals for the Federal Circuit."  <u>Id.</u> (citing 38 U.S.C. § 4324(d)(1)).  Plaintiff counters that "the manner in which the USERRA claim was re-docketed and dismissed foreclosed any path to Federal Circuit review."  Dkt. # 72, at 3.  However, the unfortunate fact that a litigant may have no other forum in which to pursue his claim cannot overcome the lack of jurisdictional grant by Congress for this Court to hear that claim.  <u>See</u> <u>Tafoya v. U.S. Dep't of Just.</u>, 748 F.2d 1389, 1390 (10th Cir. 1984).  The MSPB's determination of plaintiff's USERRA claims is simply not a district court's decision on a cognizable claim for relief and is therefore not a final judgment within the scope of Rule 54(b).

Plaintiff also argues that this Court's determination—that it lacks subject-matter jurisdiction to review the MSPB's determination of his claims under USERRA—constitutes a final judgment. Dkt. # 79, at 2.  The Court has reached the determination that it lacks the subject-matter jurisdiction to hear any appeal of the MSPB's determination of plaintiff's USERRA claims in its partial denial of his motion to file a second amended complaint that includes USERRA claims and its denial of his motion for the Court to exercise supplemental jurisdiction over his USERRA claims.  <u>See</u> Dkt.

# 55, at 8; Dkt. # 63, at 4-6. The dismissal of a complaint has generally been viewed as a non-final, nonappealable order because amendment is available, whereas dismissal of an entire action is viewed as final. Mobley v. McCormick, 40 F.3d 337, 339 (10th Cir. 1994). This is because "when the dismissal order expressly grants the plaintiff leave to amend, that conclusively shows that the district court intended only to dismiss the complaint; the dismissal is thus not a final decision." Moya v. Schollenbarger, 465 F.3d 444, 451 (10th Cir. 2006) (emphasis in original). In its opinion and order partially denying plaintiff's motion to file a second amended complaint, the Court ruled, however, that amendment to include claims involving the review of the MSPB's determination of plaintiff's USERRA claims would be futile. Dkt. # 55, at 6-8. The Tenth Circuit has previously held that although dismissals of complaints are generally not considered final judgments, in certain instances, "dismissals—though nominally just of complaints—[have] practically disposed of entire actions and thus [could be considered] final decisions." Moya, 465 F.3d at 450; see also Jicarilla Apache Tribe v. United States, 601 F.2d 1116, 1124 (10th Cir. 1979) (considering dismissal of a complaint for lack of subject-matter jurisdiction to be a final decision). To the extent that the Court denied plaintiff leave to amend his complaint to include claims arising under USERRA, this determination could be considered a decision on a cognizable claim for relief under Rule 54(b). However, that is not the only requirement for finality.

An order is not final unless the issues being considered for final judgment are "distinct and separable from the claims left unresolved" and are not "factually or legally connected." Jordan, 425 F.3d at 826, 827; see Okla. Tpk. Auth., 259 F.3d at 1243 ("[A] judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved."). Although there is no single, bright-line rule for distinguishing claims, courts are instructed to look

at "whether a subsequent appeal of the claims before the district courts will require the court of appeals to revisit the same issues decided in the first appeal." Jordan, 425 F.3d at 827. To determine whether a judgment is distinct and separate from the unresolved claims, a court may consider whether claims "turn on the same factual questions, whether they involve legal issues, and whether separate recovery is possible." Id. (citing 3 MOORE'S FEDERAL PRACTICE § (3d ed. 1999)). Ultimately, "[i]nterrelated claims should be litigated and appealed together." Cont'l Materials Corp. v. Valco, Inc., 740 F. App'x 893, 899 (10th Cir. 2018) (unpublished). Despite the fact that USERRA is legally separable from the Rehabilitation Act, such that the Court lacks jurisdiction over one set of claims and has jurisdiction over another, plaintiff's claims arise out of the same facts. Even plaintiff acknowledges this, describing how he raised the USERRA and Rehabilitation Act claims together until they were severed, over his objection, by an administrative judge. Dkt. # 72, at 1. Plaintiff's proposed second amended complaint, which the Court denied leave to file, also supports this conclusion, as the facts alleged underpin both the USERRA and Rehabilitation Act claims. Dkt. # 49, ¶¶ 97-109, 119-24. Although both claims would be reviewed with respect to distinct MSPB proceedings, in his own words, "plaintiff's claims arise from the same factual core," (Dkt. # 49, ¶ 11): his employment and subsequent resignation from the USACE following his supervisor's alleged refusal to accommodate his disability by allowing him to telework on a full-time basis. Dkt. # 32, ¶¶ 16-42 ; Dkt. # 49, ¶¶ 18-81; Dkt. # 67, ¶¶ 9-128. But see Dkt. # 32, ¶ 11 ("Plaintiff notes that separate USERRA claims related to constructive discharge are currently pending before the MSPB. This complaint does not seek adjudication of those claims, which arise from distinct facts

12

and a separate timeframe.") As such, the Court's determination that it lacks jurisdiction to review the MSPB's determination as to his USERRA claims is not a "final decision" as understood to apply to Rule 54(b).

### 2. Just Reason for Delay

Even if the denial of jurisdiction could be understood as a final determination, there is just reason for delay. "'Rule 54(b) entries are not to be made routinely[,] . . .' [and] 'trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships.'" Okla. Tpk. Auth. v. Bruner, 259 F.3d 1236, 1242 (10th Cir. 2001) (second alteration in original) (first quoting Great Am. Trading Corp. v. I.C.P. Cocoa, Inc., 529 F.2d 1282, 1286 (7th Cir. 1980), then quoting Gas-A-Car, Inc. v. Am. Petrofina, Inc., 484 F.2d 1102, 1105 (10th Cir. 1973)); Curtiss-Wright Corp., 446 U.S. at 10 ("[S]ound judicial administration does not require that Rule 54(b) requests be granted routinely."). This policy "promotes judicial efficiency, expedites the ultimate termination of an action and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case." Okla. Tpk. Auth., 259 F.3d at 1241. Appellate jurisdiction that is generally conferred through 28 U.S.C. § 1291, sometimes referred to as the "final judgment rule," which "is designed to prevent 'fragmentary and piecemeal review' of district court rulings, and to 'promote[] efficient judicial administration.'" Waltman v. Ga.-Pac., LLC, 590 F. App'x 799, 807 (10th Cir. 2014) (unpublished) (alteration in original) (first quoting Boughton v. Cotter Corp., 10 F.3d 746, 748 (10th Cir. 1993), then quoting In re Motor Fuel Temperature Sales Prac. Litig., 641 F.3d 470, 482 (10th Cir. 2011)). Rule 54(b) acts as a "historically recognized exception to the final-judgment rule," id. at 808, which means that courts must "consider the policy against piecemeal

appeals" and how it might undermine judicial efficiency before granting a motion under this rule. Cont'l Materials, 740 F. App'x at 899 (citing Jordan, 425 F.3d at 829).

In this case, entry of final judgment as to this Court's lack of jurisdiction over plaintiff's USERRA claims would result in piecemeal litigation, which plaintiff does not overcome by showing undue hardship. See Okla. Tpk. Auth., 259 F.3d at 1242. Plaintiff claims that the undue hardship imposed by delaying his appeal is that "[d]efendant will rely on both the MSPB's dismissal of the USERRA claim[s] with prejudice and this Court's jurisdictional dismissal to argue, in other forums, that the claim was abandoned, has gone stale, and cannot be revived," creating a "procedural 'legal black hole'" where he is deprived of any forum in which to seek relief. Dkt. # 79, at 4-5. Although plaintiff may feel as though his USERRA claims has been "left in procedural limbo" and is "at risk of being lost altogether" if "appellate review is postponed," plaintiff has identified no specific danger, such as a statute of limitation or other pressing reason that he could not wait until the final disposition of his Rehabilitation Act claims before pursuing his appeal. Id., at 5. The Court cannot identify any specific loss or mechanism for review that would be foreclosed without an entry of judgment as to plaintiff's USERRA claims. This, coupled with the redundancy of factual background between plaintiff's claims, creates just reason for delay. Plaintiff's motion for entry of final judgment as to his USERRA claims under Rule 54(b) must therefore be denied.

**C. Motion to Exclude MSPB Record**

Plaintiff's motion, which is currently before the Court (Dkt. # 43), seeks to exclude from the record all findings issued by the MSPB and to prohibit defendant from relying on those findings. The arguments contained in plaintiff's motion echo claims he alleged in his first amended complaint and proposed second amended complaint, which are not present in his second amended complaint,

and which amount to grievances with the MSPB's process that Court does not have jurisdiction to decide.  See Dkt. # 55, at 6-8.  In a claim seeking review of an administrative decision, the "focal point for judicial review should be the administrative record."  Fed. Power Comm'n v. Transcont'l Gas Pipe Line Corp., 423 U.S. 326, 331 (1976) (describing the bar on post-hoc justification for agency determinations created during the course of litigation).  Since the filing of this motion, both plaintiff and defendant have placed in the record portions of the MSPB record, including the administrative judge's determination and the parties' own filings.  See, e.g., Dkt. # 80 (plaintiff's notice of filing MSPB reply brief); Dkt. # 57 (defendant filing of the MSPB's initial decision on plaintiff's claims for constructive relief).  Ultimately, the MSPB's record is the basis on which the Court will determine whether the agency's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  To make its determination, the Court must review the record in full, as it existed before the agency decision makers at the time of the decision.  Bar MK Ranches v. Yuetter, 994 F.3d 735, 739-40 (10th Cir. 1993); Cit. to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971)).  Plaintiff will have the opportunity to dispute whether there were "procedural irregularities, bias, and due process violations" that led to agency action that was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law before the Court makes its final determination on the basis of that record.  However, the Court must have the full record before it in order to conduct its review.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss plaintiff's second amended complaint (Dkt. # 74) is **denied**.  Defendant is directed to file its answer no later than **March 13, 2026.**

**IT IS FURTHER ORDERED** that plaintiff's motion for entry of final judgment as to the USERRA claim pursuant to Fed. R. Civ. P. 54(b) (Dkt. # 72) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion to exclude the MSPB record (Dkt. # 43) is **denied**.

**DATED** this 24th day of February, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE