**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **GREGORY THOMPSON, SR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No. 24-CV-0322-CVE-MTS** |
| | ) |
| **DANIEL P. DRISCOLL, in his official,** | ) |
| **capacity as Secretary of the Army,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>OPINION AND ORDER</u>**

Now before the Court are plaintiff Gregory Thompson's report regarding scheduling and the nature of proceedings (Dkt. # 84), defendant Daniel Driscoll's report as to how to proceed most efficiently (Dkt. # 85), and plaintiff's clarification regarding defendant's report (Dkt. # 86). Plaintiff asks the Court to enter a scheduling order in which the parties are permitted a three month period in which to engage in discovery prior to proceeding with "trial de novo," pursuant to 5 U.S.C. § 7703(c). Dkt. # 85, at 1-2. Defendant counters that discovery is unnecessary, as the Court is limited to "de novo review" of the record from the Merit Systems Protection Board (MSPB) determination as to plaintiff's constructive suspension and termination appeals under § 7703(b)-(c). Dkt. # 85, at 1-3.

Both parties agree that this Court's review of the MSPB determination involving a discrimination claim is governed by 5 U.S.C. § 7703(c), which allows a plaintiff "the right to have facts subject to trial de novo by the reviewing court." See Dkt. # 84, at 1; Dkt. # 85, at 2; Dkt. # 86, at 1. At issue is the phrase "trial de novo" and its implication on the type of proceeding that lies ahead. Plaintiff asserts that the Supreme Court in Chandler v. Roudebush, 425 U.S. 840 (1976), read § 7703(c) to allow federal employees the right to a full civil action, "equivalent to that enjoyed by

private-sector employees," not just the right to have a district court review the administrative record. Dkt. # 86, at 2.  Defendant asserts that plaintiff is entitled to "de novo review" of the extant administrative record, obviating the need for additional discovery, and allowing the Court to enter a scheduling order that proceeds directly to briefing on the issues ripe for review.  Dkt. # 85, at 2-3. The distinction lies in the text of § 7703(c), as the parties dispute the meaning of "trial de novo" and "de novo review."  Affum v. United States, 566 F.3d 1150, 1160-61 (D.C. Cir. 2009) (interpreting the same text in 7 U.S.C. § 2023(a)(15)).

Plaintiff is correct that under § 7703(c), with respect to discrimination claims, "district courts are instructed to engage in *de novo* factfinding, § 7703(c), not APA-style judicial review, as they would in any other discrimination lawsuit."  Perry v. Merit Sys. Prot. Bd., 582 U.S. 420, 439 (2017) (Gorsuch, J., dissenting) (emphasis in original); see also Christo v. Merit Sys. Prot. Bd., 667 F.2d 882, 885 (10th Cir. 1981) ("In discrimination cases where review is provided in district court under section 7703(b)(2), the employee has the right to trial de novo." (citing 5 U.S.C. § 7723(c))).  Trial de novo permits a court to determine admissibility of the MSPB's determination at trial; however, it also allows a jury to consider other evidence produced through discovery and subsequently admitted at trial.  Monk v. Potter, 723 F. Supp. 2d 806, 872 (E.D. Va. 2010), aff'd sub nom. Monk v. Donahoe, 407 F. App'x 675 (4th Cir. 2011) (citing Chandler, 425 U.S. at 863-64); Jackson v. Esper, No. 19-CV-659, 2020 WL 1190450, at *5 (E.D. Va. March 11, 2020).  In Chandler, the Supreme Court reasoned that Congress's use of "trial de novo," as contrasted with "de novo review," showed its "inten[t] to accord federal employees the same right as a trial *de novo* as is enjoyed by private-sector employees . . . under the amended Civil Rights Act of 1964."  425 U.S. at 849 (emphasis in original).  The Fourth Circuit, analyzing an appeal in which issues of both

discrimination and nondiscrimination were alleged before the MSPB, has held that a court hearing an appeal under § 7703(c) is "entitled to review all evidence in the trial de novo, both that newly introduced and that created by the formal record before the MSPB." Rana v. United States, 812 F.2d 887, 890 (4th Cir. 1987). Looking beyond the issue of whether discovery is permissible, the Tenth Circuit has interpreted "trial de novo" to mean "[a] new trial on the *entire* case—that is, on both questions of fact and issues of law—as if there had been no trial in the first instance." Timmons v. White, 314 F.3d 1229, 1233 (quoting Trial de novo, BLACK'S LAW DICTIONARY (7th Ed. 1999)) (discussing "trial de novo" in the context of § 2000e-16(c) for review of the issue of remedy only).

In the Court's previous opinion and order (Dkt. # 81), it denied plaintiff's motion to exclude all findings by the MSPB (Dkt. # 43) on the basis that the Court would review the MSPB's record. Dkt. # 81, at 14-15. The Court hereby modifies Dkt. # 81 only as to part C, given that the Court's standard of review under § 7703(c) is "trial de novo," which is not equivalent to de novo review of the MSPB's determination.[1] As the Court noted in its previous order, both parties have filed portions of the MSPB record, including the administrative judge's determination and the parties' own filings. Id. at 15 (citing Dkt. # 80; Dkt. # 57). Those portions of the MSPB record will remain in the Court's filings here. The Court notes, however, that the MSPB's determination does not bear upon the

---

[1] In plaintiff's clarification regarding defendant's report, plaintiff asserts that this Court will conduct a "split" review, comprised of a trial de novo as to all "discrimination claims" and review de novo of all "nondiscrimination claims." Dkt. # 86, at 3. However, plaintiff's second amended complaint, in which plaintiff asserts five claims under the Rehabilitation Act, alleges only discrimination claims. Dkt. # 67, ¶¶ 149-58 (failure to provide reasonable accommodation under the rehabilitation act); ¶¶ 159-67 (failure to engage in the interactive process under the rehabilitation act); ¶¶ 168-75 (retaliation for protected activity under the rehabilitation act); ¶¶ 176-86 (constructive suspension under the rehabilitation act); ¶¶ 187-94 (constructive discharge under the rehabilitation act). Accordingly, the Court will conduct a trial de novo as to plaintiff's five discrimination claims, and it will not engage in de novo review of the administrative record.

outcome of a future trial as to plaintiff's discrimination claims, even if the administrative record is determined to be admissible at trial.  See Chandler, 425 U.S. at 863 n.39 ("Prior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial de novo.  See FED. RULE EVID. 803(8)[(A)(iii)].[2] Cf. Alexander v. Gardner-Denver Co., 415 U.S. 36, 60 n. 21.  Moreover, it can be expected that, in the light of the prior administrative proceedings, many potential issues can be eliminated by stipulation or in the course of pretrial proceedings in the District Court.").

**IT IS THEREFORE ORDERED** that the Court will enter forthwith a jury scheduling order, to include pretrial discovery.

**IT IS FURTHER ORDERED** that the Court hereby modifies Dkt. # 81, only as to section C, as outlined above.

**DATED** this 3rd day of April, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2]   In 2014, Federal Rule of Evidence 803(8) was amended and Rule 803(8)(c), the originally cited rule, was restyled to become Rule 803(8)(A)(iii).  See FED. R. EVID. 803(8) advisory committee's note to 2014 amendment.